UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | | |
|---|---|---|---|
| LYNN MICHELLE DAUGHERTY, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:11-CV-458 |
| | ) | | (VARLAN/GUYTON) |
| ZACHARY GRAVES, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Partial Motion to Dismiss [Doc. 5], submitted by defendants Zachary Graves ("Officer Graves"), the Town of Jacksboro, Ben Marlow ("Officer Marlow"), and the Town of Caryville (collectively, "defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, Lynn Michelle Daugherty, has responded [Docs. 9, 10] to the motion, and defendants have submitted a reply brief [Doc. 11]. For the reasons set forth herein, and after considering the pending motion, the supporting and responsive briefs, the allegations in the complaint, and the relevant law, defendants' partial motion to dismiss [Doc. 5] will be **GRANTED in part** and **DENIED in part**.

## I. Facts[1]

Officer Marlow is employed by the Town of Caryville [Doc. 1, ¶ 18]. Officer Graves is employed by the Town of Jacksboro [*Id.*, ¶ 19].

In May 2011, plaintiff's son, Michael, was stopped by Officer Marlow near the Town of Jacksboro on suspicion of driving under the influence [*Id.*, ¶ 7]. Officer Marlow and Officer Graves each conducted three field sobriety tests on Michael, all of which he passed [*Id.*]. Because Michael admitted consuming alcohol that day, the officers advised him that he would be required to call someone for a ride [*Id.*]. Michael called plaintiff and she arrived at the scene [*Id.*, ¶¶ 8, 9]. Officer Graves advised plaintiff that Michael was not under arrest, that he had passed the field sobriety tests, but that he was not allowed to drive [*Id.*]. Plaintiff was not pleased with this explanation and "proceeded to convey her displeasure with the way [Officer Graves] had handled the situation," including questioning "his reasoning for stopping [Michael] in the first place." [*Id.*, ¶ 10].

After a brief discussion between plaintiff and the officers, plaintiff was advised that she was free to leave [*Id.*, ¶ 11]. While leaving, plaintiff told Officer Marlow to "get out of her face." [*Id.*]. Officer Graves, with the assistance of Officer Marlow, then slammed plaintiff against the trunk of the police car and handcuffed her hands behind her back [*Id.*]. Plaintiff experienced pain in her right shoulder from being slammed against the trunk and

---

[1]The Court takes the factual allegations alleged in a complaint as true for purposes of motions to dismiss under Rule 12(b)(6). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all the factual allegations contained in the complaint") (citations omitted).

2

begged the officers to remove the handcuffs [*Id.*, ¶ 12]. The officers moved the handcuffs to plaintiff's front [*Id.*, ¶ 13]. After plaintiff continued to complain of pain, the handcuffs were removed and she was transported by ambulance to a hospital for medical treatment [*Id.*, ¶ 15]. Plaintiff was later charged with resisting arrest and interference with a police investigation [*Id.*, ¶ 17]. Both charges were dismissed at a preliminary hearing [*Id.*]. In her complaint, plaintiff alleges that she was seriously injured as a result of this incident with Officers Graves and Marlowe [*Id.*, ¶ 16].

Plaintiff then filed her complaint against Officers Graves and Marlow, in their individual and official capacities, and against the Town of Jacksboro and the Town of Caryville, alleging claims "pursuant to 42 U.S.C. § 1983 for the violation of her constitutional rights" [*id.*, p. 1], that Officers Graves and Marlow had "acted under color of state law," and that defendants violated her clearly established constitutional rights [*Id.*, ¶ 20]. Plaintiff does not, however, identify the constitutional rights allegedly violated by defendants. Plaintiff also alleges state-law claims for assault, intentional infliction of emotional distress, and false arrest against all defendants [*Id.*, ¶¶ 24-26].

Defendants filed the partial motion to dismiss [Doc. 5], requesting that the Court dismiss, pursuant to Rule 12(b)(6), plaintiff's claim arising under § 1983, plaintiff's official capacity claims against Officers Graves and Marlow, and plaintiff's assault, intentional infliction of emotional distress, and false arrest claims against the Town of Jacksboro and the Town of Caryville. In her response [Docs. 9, 10], plaintiff acknowledges that her claims for assault, intentional infliction of emotional distress, and false arrest against the Town of

3

Jacksboro and the Town of Caryville are due to be dismissed because these claims cannot apply to governmental entities under Tennessee's Governmental Tort Liability Act (the "GTLA"), Tenn. Code Ann. §§ 29-20-101, *et seq*. Plaintiff asserts, however, that she has stated a claim arising under § 1983 and that her official capacity claims against Officers Graves and Marlow should not be dismissed. In the alternative, plaintiff requests leave to amend her complaint.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" in order to "'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). "[D]etermining whether a complaint states a plausible claim is context-specific requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A party may move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-

4

movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Iqbal*, 129 S. Ct. at 1937. Rather, a pleading must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

### III. Analysis

#### A. Plaintiff's Request to Amend the Complaint

As noted above, plaintiff has alternatively argued that the Court should grant her an opportunity to amend her complaint if the Court finds the complaint deficient in that it fails to give defendants notice of her claims [Doc. 10, pp. 4-5]. Pursuant to Federal Rule of Civil Procedure 15, a court may grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). Courts must read Rule 15 in conjunction with Federal Rule of Civil procedure 7(b), which requires that a party make such a request in a motion that states with "particularity the grounds for seeking the order[.]" Fed. R. Civ. P. 7(b); *see also Evans v. Pearson Enter., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006). The United States Court of Appeals for the Sixth Circuit does not look favorably upon bare requests for leave to amend in a response to a motion to dismiss when the requesting party could have filed a proper motion to amend and attached

5

a proposed amended complaint for consideration by the court. *See Pearson Enterprises, Inc.*, 434 F.3d at 853; *see also PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004); *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 783-84 (6th Cir. 2000); *Techdisposal.com, Inc. v. CEVA Freight Mgmt.*, No. 2:09-cv-356, 2009 WL 4283090, at *4-*5 (S.D. Ohio, Nov. 30, 2009). As the Sixth Circuit has explained:

> Had plaintiffs filed a motion to amend the complaint prior to th[e] Court's consideration of the motions to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint[.] Absent such a motion, however, Defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies.

*PR Diamonds, Inc.*, 364 F.3d at 699 (quoting *Begala*, 214 F.3d at 784 (emphasis in original)).

Here, plaintiff has failed to follow the proper procedure for submitting a motion to amend her complaint. Plaintiff has also not submitted a proposed amended complaint for review and consideration by the Court as required by the Local Rules of this District. Local Rule 15.1, Form of a Motion to Amend and Its Supporting Documentation, states as follows:

> A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to a motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.

E.D. LR. TN 15.1 (revised June 6, 2011).[2] Accordingly, because plaintiff has not complied with the directive of Rule 7(b) or with the Local Rules, the Court will not accept plaintiff's alternative argument contained in a response to a motion to dismiss as a proper motion to amend.

### B. Plaintiff's Claim Arising Under § 1983

"[Section] 1983 by its terms[,] does not create any substantive rights but rather merely provides remedies for deprivations of rights established elsewhere." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (quotation and citation omitted). To prevail on a § 1983 claim, a plaintiff "must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001). Thus, as noted by defendants, the first step in any case in which a violation under § 1983 is alleged, is that the plaintiff must identify the specific constitutional rights allegedly infringed.

Defendants argue that plaintiff's complaint fails to identify a specific constitutional right or rights that defendants allegedly infringed. In response, plaintiff asserts that the clearly established right violated by defendants was the Fourth Amendment right to be free from excessive force during a seizure [Doc. 10, pp. 2-3]. Plaintiff points to the factual allegations of her complaint, particularly paragraph 11, which she argues sets forth sufficient

---

[2]A prior version of Local Rule 15.1 also required the party filing the amended pleading to "reproduce the entire pleading as amended." E.D. LR. TN 15.1 (revised Dec. 10, 2010). That prior version, however, stated that a failure to comply with this rule "is not grounds for denial of the motion." *Id.*

7

factual allegations to support her claim arising under § 1983 for purposes of a motion to dismiss. Paragraph 11 provides that:

> After a brief discussion between [Officer Marlow, Officer Graves] and Plaintiff, the Plaintiff was advised she was free to leave with her son. While leaving the scene, the Plaintiff told [Officer Marlow] to get out of her face, at which point [Officer Graves] with the assistance of [Officer Marlow] slammed the Plaintiff against the trunk lid of the patrol car and handcuffed her behind her back.

[Doc. 1, ¶ 11].

The Court agrees with defendants that plaintiff's complaint does not expressly identify the constitutional rights she alleges to have been violated by defendants. However, given the factual allegations of the complaint, and the standard of review by which the Court reviews a complaint pursuant to a Rule 12(b)(6) motion, the Court concludes that the complaint contains sufficient factual allegations to give defendants fair notice that plaintiff has alleged a violation of her Fourth Amendment right to be free from excessive force in the context of an arrest or seizure and that plaintiff's factual allegations state a plausible claim for relief as required by Rule 8. *See Smith*, 378 F.3d at 576; *Iqbal*, 129 S.Ct. at 1949. Construing the factual allegations of the complaint in the light most favorable to plaintiff—that she was present at the stop of her son by police officers and that plaintiff and the officers were involved in an altercation resulting in plaintiff's injury—combined with plaintiff's allegations that Officers Graves and Marlow were police officers acting under color of state law in conjunction with the incident and the arrest of plaintiff, the Court finds that these allegations contain more than mere label and conclusions. While plaintiff's complaint omits

8

a label and designation of the constitutional right she alleges defendants to have violated, the nature of that alleged right is reasonably ascertainable from the factual allegations in the complaint. Thus, in light of the liberal pleading standard of Rule 8, the Court finds plaintiff's § 1983 claim sufficient to survive a motion to dismiss and defendants' request that plaintiff's § 1983 claim be dismissed will be denied.

### C. Plaintiff's Official Capacity Claims Against Officers Graves and Marlow

Defendants also argue that plaintiff's official capacity claims against Officers Marlow and Graves mirror the claims made against the Town of Jacksboro and the Town of Caryville and are therefore redundant. In response, plaintiff argues that government officials acting in their official capacity are capable of implementing policies and procedures that violate the constitutional rights of citizens without the formal approval of official decision-making channels within the governmental entities.

The United States Supreme Court has previously held that an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) ("An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents"). The Sixth Circuit has also concluded that official-capacity suits should be dismissed where the same claims are also brought against the county. *See Jackson v. Shelby Cnty. Gov't.*, No. 07-6356, 2008 WL 4915434, at *2 (6th Cir. Nov. 10, 2008) ("[T]he district court properly granted summary

9

judgment to the defendants on the claims against the sheriff in his official capacity because those claims mirror the claims against the County, and are therefore redundant.").

The Court finds that plaintiff has indeed pled identical claims against both officers, in their official capacities, and the Towns of Jacksboro and Caryville, in that these claims mirror one another and are therefore redundant. To the extent plaintiff attempts, in her response to defendants' motion, to convert her claims into claims for municipal liability premised on unconstitutional policies and procedures, the Court will also dismiss these claims as plaintiff has pled no factual allegations relating to unconstitutional policies and procedures and no factual allegations relating to any allegation of decision-making authority on behalf of any defendant. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 345 (6th Cir. 2009) ("Pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), a plaintiff suing a unit of local government, such as a county, must identify an unconstitutional policy or custom in order to prevail on a § 1983 claim against it."); *Bd. of Cnty. Com'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403-04 (1997) ("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."); *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986) (stating that a single act by a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action ordered" may suffice in demonstrating a policy or custom").

Thus, defendants' request to dismiss plaintiff's official capacity claims against Officers Graves and Marlow will be granted and those claims will be dismissed.

10

Case 3:11-cv-00458   Document 13   Filed 02/16/12   Page 10 of 11   PageID #: 120

### D. State-Law Claims

Defendants have also moved for dismissal of plaintiff's state-law claims for assault, intentional infliction of emotional distress, and false arrest against the Town of Jacksboro and the Town of Caryville. Plaintiff has acknowledged that these claims are due to be dismissed because such claims cannot apply to governmental entities. Accordingly, in light of the lack of opposition and upon the Court's review of the immunity provided governmental entities in the GTLA, defendants' request that these claims be dismissed will be granted and plaintiff's claims for assault, intentional infliction of emotional distress, and false arrest will also be dismissed.

## IV. Conclusion

For the reasons given above, defendants' Partial Motion to Dismiss [Doc. 5] is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** to the extent that plaintiff's official capacity claims against Officers Graves and Marlow are **DISMISSED** and plaintiff's state-law claims for assault, intentional infliction of emotional distress, and false arrest against the Town of Jacksboro and the Town of Caryville are **DISMISSED**. Defendants' request to dismiss plaintiff's claim arising under § 1983 is **DENIED**.

IT IS SO ORDERED.

                                                s/ Thomas A. Varlan
                                                UNITED STATES DISTRICT JUDGE